Opinion by
MR. JUSTICE DAY.
This is an appeal based on a conviction obtained on circumstantial evidence and the jury’s inferences of guilt deduced therefrom. As has been held so many times that citation of authority is not necessary, this court on review will ordinarily not disturb the jury’s verdict if supported by the evidence. We affirm.
Appellant was convicted of grand theft and conspiracy to commit a felony. The evidence' established that appellant, who was a .competent automobile body repairman and mechanic, owned a red 1965 Plymouth which was in such a state of disrepair as to be unusable as well as unsightly. Indeed, before the theft of the parts alleged to have been stripped from a car of similar make, appellant’s car had a damaged front end, a damaged left door, worn tires and a nonfunctional radiator. He disclosed to an informant witness that he intended to steal a car to replace his defective parts, that he had located such a car and needed some assistance in obtaining it.
The victim’s car was virtually identical to appellant’s car save for the color — which was gold instead of red — and was *49 in good condition. The car was taken the day following appellant’s pronouncement of his intention to obtain a car for needed parts. It was eventually located four blocks from appellant’s garage and was stripped to the extent that the car was missing a front end, a left front door, a radiator and four good tires.
Appellant’s car, on the other hand, was completely, yet coincidentally, metamorphized. In place of the damaged parts, a used radiator was in place. A newly painted door and front end, which investigation revealed to be red paint over gold and of the same serial number as the victim’s car, replaced the old. Good tires had replaced the worn ones.
I.
Appellant first contends that the trial court erred in refusing to give a tendered instruction on his theory of the case. The instruction, suffice it to say, was a lengthy self-serving summary of defendant’s testimony. The trial court gave an instruction founded on the evidence which set forth defendant’s theory of the case that he had purchased the parts from persons he believed to be connected with an auto-salvage firm and did not know they had been stripped from a stolen car. The instruction given by the court was adequate.
II.
The appellant next argues that the admission into evidence of photographs of the two automobiles was error, first, because no foundation was laid prior to their admission and, second, because the photographs were irrelevant. With regard to relevance, the argument is so specious it does not merit discussion. As to the foundation, the record is replete with evidence that such foundation was presented. Dolan v. Mitchell, 179 Colo. 359, 502 P.2d 72 (1972).
III.
As his third ground for reversal, appellant argues the trial court erred in failing to order the district attorney to name the co-conspirators on the information. Although co-conspirators may be alleged to be unknown in a conspir *50 acy count, People v. Byrnes, 117 Colo. 528, 190 P.2d 584 (1948), we note that the defendant waived the opportunity to preserve the issue when he neglected to make his motion to compel disclosure at the proper time. Crim. P. 12(b)(2).
IV.
We have examined the other arguments, including the assertion that the evidence was insufficient to go to the jury, and we deem them to be without merit.
The judgment is affirmed.
MR. JUSTICE HODGES, MR. JUSTICE LEE and MR. JUSTICE ERICKSON concur.